Sneed, J.,
delivered the opinion of the Court.
The certiorari and supersedeas in this case were' obtained upon the following state of facts: a judgment for $250 was rendered by a Justice against Me-Gavock upon a proceeding by garnishment, and execution was issued and levied upon real estate, there being no personal property to be found, according to the return. The papers were returned by the Justice to the Circuit Court where an order of condemnation was had. After this proceeding the plaintiff received information that the defendant owned certain 'personal property which might be reached by' execution,' and thereupon the Court ordered a stay of proceedings * *468 upon the first levy, and remanded the cause to the Justice for an alias fi. fa., which was issued and levied upon personalty. The garnishee thereupon brought the case by certiorari into the Law Court where the petition was on motion dismissed and the supersedeas discharged. We see no error in this. The levy upon the realty was no satisfaction, and if after it personalty was discovered, it was the duty of the officer to levy upon and sell the personalty first in satisfaction, and under the facts in this case it was proper in the Court to award a procedendo for an alias fi. fa. Swingle v. Boyer, 1 Tenn., 226; Hogshead v. Carruth, 5 Yerg., 227; Code, s. 3026.
The judgment of the Law Court is affirmed.